JEREMIAH AND ROSE MARIE BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 30255-88
United States Tax Court
T.C. Memo 1990-204; 1990 Tax Ct. Memo LEXIS 223; 59 T.C.M. (CCH) 463; T.C.M. (RIA) 90204; April 23, 1990, Filed *223 Decision will be entered under Rule 155. Jeremiah Brown, pro se. Robin L. Herrell, for the respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION In a notice of deficiency dated August 29, 1988, respondent determined a deficiency of $ 1,352 in petitioners' Federal income tax for 1985. Following a concession, *224 [1] the issues for decision are: (1) Whether petitioners failed to report $ 125 of rental income; (2) whether petitioners have substantiated various expenses claimed on Schedule E of their return in amounts greater than those allowed by respondent; (3) whether petitioners are entitled to deduct real estate taxes in an amount greater than that allowed by respondent; (4) whether petitioners are entitled to a deduction for work clothes in an amount greater than that allowed by respondent; and (5) whether petitioners failed to report $ 1,402 in wage income. An adjustment to petitioners' Schedule A sales tax deduction is automatic and will be calculated as part of the Rule 155 computation. As to all issues, petitioners bear the burden of proof. Rule 142(a). [2]
*225 Petitioners resided in Cincinnati, Ohio when they filed their petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1985 with the Internal Revenue Service Center at Cleveland, Ohio. For purposes of convenience, we are combining our findings of fact and opinion. During the year in issue, petitioners received rental income in the amount of $ 1,575. This amount was paid to petitioners in nine monthly payments of $ 175. Of this amount, petitioners reported $ 1,450 as rental income on the Schedule E attached to their 1985 income tax return. Accordingly, we find that petitioners failed to report $ 125 of rental income. We must also decide whether petitioners are entitled to deduct various expenses claimed on Schedule E of their return in amounts greater than those allowed by respondent. Petitioners claimed a Schedule E rental expense deduction of $ 642.60 for insurance and $ 1,084.90 for repairs. In the notice of deficiency, respondent determined that petitioners were entitled to deduct $ 275.00 for insurance and $ 193.20 for repairs. Respondent also concluded that petitioners spent $ 1,278.00 during the year in issue to replace kitchen *226 cabinets in the rental property. In the notice of deficiency, respondent determined that this amount should be capitalized. Respondent, therefore, increased petitioners' depreciation deduction in the amount of $ 255.60. Petitioners offered no evidence that supports deductions in excess of the amounts allowed by respondent. [3] Therefore, we sustain respondent on this issue. The next issue for decision is whether petitioners are entitled to deduct real estate taxes in an amount greater than that allowed by respondent. Petitioners claimed a Schedule A deduction for real estate taxes in the amount of $ 533.00. On their Schedule E, petitioners reported that they paid $ 553.75 in real estate taxes. Petitioners, however, did not include the amount reported on their Schedule E when calculating total expenses *227 associated with their rental property. In the notice of deficiency, respondent determined that petitioners were entitled to deduct real estate taxes of $ 276.87 on their Schedule A and $ 276.87 on their Schedule E. Petitioners have offered no evidence to support a deduction for real estate taxes in excess of that allowed by respondent. Accordingly, we sustain respondent on this issue. We must also decide whether petitioners are entitled to a deduction for work clothes in an amount greater than that allowed by respondent. Petitioners claimed a deduction of $ 400 for work clothes on their Schedule A. In the notice of deficiency, respondent allowed a deduction of $ 200. Petitioner Jeremiah Brown testified at trial that he spent $ 200 on work clothes during the year in issue. Therefore, inasmuch as respondent has determined that petitioners are entitled to deduct $ 200 for work clothes, we sustain respondent on this issue. The final issue for decision is whether petitioners failed to report $ 1,402.00 in wage income. During the year in issue, Rose Marie Brown earned $ 18,702.97 in wages from the University of Cincinnati, a state-operated institution. From this amount, $ 1,309.23 *228 was contributed to the City Retirement System of Cincinnati through payroll deductions. Petitioners argue that the amount contributed to the City Retirement System should be excluded from income. [4] Petitioners rely on the fact that Jeremiah Brown was an employee of the City of Cincinnati and that his contributions to the same City Retirement System were not includable in his income. Petitioners make what appears to be a common sense argument that their respective contributions to the same retirement fund should not be treated differently. Unfortunately, for petitioners, such straight-forward reasoning does not help them in this particularly complicated area of the tax law. An employer who establishes a qualified pension plan may make contributions to the plan on behalf of the employees. Those are "employer contributions" and are not taxable to the employee until *229 the plan pays benefits to the employee. If, on the other hand, the employee is the one who makes the contribution to the plan, she cannot exclude that amount from her taxable income. This distinction between employer and employee contributions can consist of more form than substance, but has significant tax consequences. . Section 414(h)(1) provides that amounts contributed to a qualified plan will not be treated as employer contributions if such amounts are designated under the plan as employee contributions. Rose Marie Brown's contributions were employee contributions which were deducted from her wages. Section 414(h)(2) provides an exception to this rule in the case of plans established by governmental units. Under section 414(h)(2), contributions which a governmental employer "picks up" are treated as employer contributions even though they are otherwise designated as employee contributions. We must decide, therefore, whether the amount contributed by Marie Rose Brown to the City Retirement System during the year in issue was "picked up" within the meaning of section 414(h)(2). Respondent acknowledges *230 that contributions made by city employees (including petitioner Jeremiah Brown) to the retirement system were excludable from income in 1985. This is because the City of Cincinnati had adopted a "pick-up" plan pursuant to section 414(h)(2). However, petitioner Rose Marie Brown was not a city employee. She was employed by the University of Cincinnati which had not elected to "pick up" employee contributions during the year in issue. The result is that Rose Marie Brown is not entitled to exclude any amount of her contribution from income. In , we held that section 414(h)(2) "requires that the employer make a designation, whether by statute or otherwise, to effectuate a 'pick-up' of employee contributions." The University of Cincinnati did elect to "pick up" its employee contributions to the retirement system in 1987; however, that does not help petitioners for their 1985 tax year. Accordingly, Rose Marie Brown's employee contributions may not be excluded from her gross income during the year in issue. Decision will be entered under Rule 155.
Footnotes
1. Petitioners are entitled to a Schedule E deduction of $ 2,002.50 for the cost of utilities. ↩
2. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and in effect for the year in issue.↩
3. Petitioners submitted a number of receipts and cash register tapes to substantiate their claimed deduction for repairs. We are unable to determine from these records what types of items petitioners purchased.↩
4. There is no explanation for the difference between the $ 1,309.23 contribution and the $ 1,402.00 which petitioners excluded from income.↩